■ In the Matter of JAMES BOWEN, Petitioner, v ALLYN R. SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Correction Commissioner, dated April 3, 1991, which dismissed petitioner from his position as a correction officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stanley Parness, J.], entered on or about August 15, 1991), is dismissed, without costs.

Substantial evidence supports the determination that as to Charge One, the petitioner, on September 10, 1989, failed to properly supervise inmates under his direction at the noon feeding at the George Motchan Detention Center, failed to obey a lawful order to instruct the inmates to remain seated during the feeding, was disrespectful to Captain George Hayden, failed to cooperate in maintaining the safety and good order of the institution, and failed to maintain a gentlemanly demeanor; as to Charge Two, petitioner, on January 3, 1990, was disrespectful to Captain Hayden, in that, among other things, he called him "a racist bastard", failed to obey a lawful order, and submitted a false report regarding his actions and statements towards Captain Hayden; and as to Charge Three, the petitioner, on April 9, 1990, was disrespectful to Captain Ellen Murphy, in that, among other things he called her a "[b]itch", and failed to obey a lawful order to clean out his locker and leave the facility. No basis exists to disturb either the credibility findings of the Administrative Law Judge *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444), or the penalty of dismissal *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). Petitioner was found guilty of ten separate acts of misconduct, including disrespect against two superior officers, during a period of less than a year. Previously, petitioner had been found guilty of three other offenses, and was serving a disciplinary sentence of nine months probation at the time he committed the acts of misconduct underlying this proceeding. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.